Robert M. Tzall
Nevada State Bar No. 13412
Contemporary Legal Solutions
2551 North Green Valley Parkway
Building C, Suite 303,
Henderson, NV 89014
Tel: 702-666-0233
office@contemporarylegalsolutions.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

SADE GREENE,

          Plaintiff,

    vs.

EQUIFAX INFORMATION SERVICES, LLC,
TRANS UNION, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC.,
SELF FINANCIAL, INC., d/b/a LEAD BANK,
DOMINION ENERGY, INC.,
ATLANTIC CAPITAL BANK, N.A.,
ACCEPTANCE NOW,

          Defendant(s).

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Docket No. 2:21-cv-466

**COMPLAINT**

DEMAND FOR JURY TRIAL

## **COMPLAINT**

Plaintiff Sade Greene ("Plaintiff"), by and through her attorneys, and as for her Complaint against Defendant Equifax Information Services, LLC ("Equifax"), Defendant TransUnion, LLC ("Transunion"), Defendant Self Financial, Inc. d/b/a Lead Bank ("Lead Bank"), Defendant Dominion Energy, Inc., ("Dominion"), Defendant Atlantic Capital Bank, N.A. ("Atlantic"), and Defendant Acceptance Now ("Acceptance") respectfully sets forth, complains, and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*. Additional claims fall under 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages arising from the Defendant's violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

**PARTIES**

4. Plaintiff is a resident of the State of Nevada, Clark County.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6. Defendant Equifax Information Services, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Equifax is a Georgia corporation registered to do business in the State of Nevada, and may be served with process upon Corporation Service Company, its registered agent for service of process at 112 North Curry Street, Carson City, NV, 89703.

7. At all times material here to Equifax is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

8.  At all times material hereto, Equifax disbursed such consumer reports to third parties under a contract for monetary compensation.

9.  Defendant Transunion, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware corporation registered to do business in the State of Nevada, and may be served with process upon the Corporation Service Company, its registered agent for service of process, at 112 North Curry Street, Carson City, NV, 89703.

10. At all times material here to Transunion is a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681d to third parties.

11. At all times material hereto, Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

12. Defendant Self Financial, Inc., d/b/a Lead Bank is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process upon the CT Corporation System with an address for service of process, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

13. Defendant Dominion Energy, Inc., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process upon the CT Corporation System, its registered agent for service of process, at 4701 Cox Road, Suite 285, Glenn Allen, VA 23060.

14. Defendant Atlantic Capital Bank, N.A., is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, and may be served with process at 3280 Peachtree Street, Suite 1600, Atlanta, GA 30305.

15. Defendant Acceptance Now is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2, with an address at 5501 Headquarters Drive, Plano, TX 75024.

## FACTUAL ALLEGATIONS

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Lead Bank Dispute and Violation

17. On information and belief, on a date better known to Defendants Equifax and Transunion, hereinafter ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Lead Bank account, (account 164004XXXX).

18. The inaccurate information furnished by Defendant Lead Bank and published by the Bureaus is inaccurate since the account contains an incorrect payment status.

19. Specifically, the Bureaus report the payment status on this tradeline as "60 days past due". To the contrary, this tradeline was paid and closed. Therefore, the payment status cannot be listed as 60 days past due.

20. The pay status is of significance. Listing a debt with a $0 balance owed, as 60 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance. By continuing to report the account in this fashion, lenders believe the consumer is

currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

21. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

22. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around October 16, 2020, specifically stating in separate letters sent to each bureau that she was disputing the reporting of the Lead Bank tradeline.

23. It is believed and therefore averred that the Bureaus notified Defendant Lead Bank of the Plaintiff's disputes.

24. Upon receipt of the dispute of the account from Plaintiff by the Bureaus, Lead Bank failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account.

25. Had Lead Bank done a reasonable investigation, it would have been revealed to Lead Bank that the payment status was being inaccurately reported.

26. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

27. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

28. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the payment status was being reported inaccurately.

29. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

30. As of the date of the filing of this Complaint, Defendant Lead Bank continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

31. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

32. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

### Dominion Dispute and Violation

33. On information and belief, on a date better known to Defendant Equifax, Equifax prepared and issued credit reports concerning the Plaintiff that included inaccurate and materially misleading information relating to her Dominion account, (account 210118XXXX).

34. The inaccurate information furnished by Defendant Dominion and published by Equifax is inaccurate as it falsely states the payment status of the account is "charge-off," when the account is paid and closed.

35. Since the account was paid and closed and it should not be reporting as a charged off account anymore, and to do so is a material misrepresentation to current and future creditors.

36. Equifax has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

37. Plaintiff notified Equifax that she disputed the accuracy of the information it was reporting on or around October 16, 2020, specifically stating in a letter, that she was disputing the reporting of this account.

38. It is believed and therefore averred that Equifax notified Defendant Dominion of the Plaintiff's dispute.

39. Upon receipt of the dispute of the account from Equifax, Dominion failed to timely conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

40. Had Dominion done a reasonable investigation, it would have discovered that this tradeline was paid and closed and should no longer be reporting as charged account.

41. Despite the dispute by the Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, Equifax did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

42. Had Equifax done a reasonable investigation it would have discovered that this tradeline was paid and closed and should no longer be reporting as a charged off account.

43. As of the date of the filing of this Complaint, Defendant Dominion continues to furnish credit data which is inaccurate and materially misleading, and Equifax's reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

44. As a result of the conduct, action and inaction of the Defendants, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of potential credit denials.

<u>Atlantic Dispute and Violation</u>

45. On information and belief, on a date better known to Defendants Equifax and Trans Union ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Atlantic account, (account 137631XXXX).

46. The inaccurate information furnished by Defendant Atlantic and published by the Bureaus is inaccurate since the account contains an incorrect payment status.

47. Specifically, the Bureaus report the payment status on this tradeline as "60 days past due". To the contrary, this tradeline was paid and closed. Therefore, the payment status cannot be listed as 60 days past due.

48. The pay status is of significance. Listing a debt with a $0 balance owed, as 60 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance. By continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

49. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

50. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around October 16, 2020, specifically stating in separate letters sent to each bureau that she was disputing the reporting of the Atlantic tradeline.

51. It is believed and therefore averred that the Bureaus notified Defendant Atlantic of the Plaintiff's disputes.

52. Upon receipt of the dispute of the account from Plaintiff by the Bureaus, Atlantic failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account.

53. Had Atlantic done a reasonable investigation, it would have been revealed to Atlantic that the payment status was being inaccurately reported.

54. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

55. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

56. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the payment status was being reported inaccurately.

57. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

58. As of the date of the filing of this Complaint, Defendant Atlantic continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

59. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

60. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

<u>Acceptance Dispute and Violation</u>

61. On information and belief, on a date better known to Defendants Equifax and Transunion ("the Bureaus"), the Bureaus prepared and issued credit reports concerning the Plaintiff that included inaccurate information relating to her Acceptance account, (account 320006XXXX).

62. The inaccurate information furnished by Defendant Acceptance and published by the Bureaus is inaccurate since the account contains an incorrect payment status.

63. Specifically, the Bureaus report the payment status on this tradeline as "30 days past due". To the contrary, this tradeline was paid and closed. Therefore, the payment status cannot be listed as 30 days past due.

64. The pay status is of significance. Listing a debt with a $0 balance owed, as 30 days past due is nonsensical. If no balance is owed, the consumer cannot be late paying that balance. By continuing to report the account in this fashion, lenders believe the consumer is currently late, negatively reflecting on the consumers credit worthiness by impacting the credit score negatively.

65. The Bureaus have been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated to various persons and credit grantors, both known and unknown.

66. Plaintiff notified the Bureaus that she disputed the accuracy of the information the Bureaus were reporting, on or around October 16, 2020, specifically stating in separate letters sent to each bureau that she was disputing the reporting of the Acceptance tradeline.

67. It is believed and therefore averred that the Bureaus notified Defendant Acceptance of the Plaintiff's disputes.

68. Upon receipt of the dispute of the account from Plaintiff by the Bureaus, Acceptance failed to conduct a reasonable investigation and continued to report false and inaccurate, adverse information on the consumer report of Plaintiff with respect to the disputed account.

69. Had Acceptance done a reasonable investigation, it would have been revealed to Acceptance that the payment status was being inaccurately reported.

70. Despite the dispute by Plaintiff that the information on her consumer report was inaccurate with respect to the disputed account, the Bureaus did not evaluate or consider any of the information, claims, or evidence of Plaintiff and did not make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

71. The Bureaus violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation and failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

72. Had the Bureaus done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to the Bureaus that the payment status was being reported inaccurately.

73. Notwithstanding Plaintiff's efforts, Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

74. As of the date of the filing of this Complaint, Defendant Acceptance continues to furnish credit data which is inaccurate and materially misleading, and the Bureaus' reporting of the above-referenced trade line continues to be inaccurate and materially misleading.

75. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score.

76. As a result of Defendants' failure to comply with the FCRA, Plaintiff has suffered a decreased credit score due to the inaccurate information on Plaintiff's credit file and a chilling effect on future applications for credit.

## **FIRST CAUSE OF ACTION**

### **(Willful Violation of the FCRA as to Equifax)**

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

78. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

79. Equifax violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Equifax maintained concerning the Plaintiff.

80. Equifax has willfully and recklessly failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was unsubstantiated;

e) The continual placement of unsubstantiated information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was unsubstantiated;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be unsubstantiated, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was unsubstantiated before including it in the credit report of the consumer.

81. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

82. The conduct, action and inaction of Equifax was willful, rendering Equifax liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

83. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Equifax)

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

85. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

86. Equifax violated 15 U.S.C. § 1681i(a) by failing to delete unsubstantiated information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

87. Equifax has negligently failed to comply with the Act. The failure of Equifax to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Equifax had notice was unsubstantiated;

e) The continual placement of unsubstantiated information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was unsubstantiated;

f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be unsubstantiated, or could not be verified, or that the source of information had advised Equifax to delete;

h) The failure to take adequate steps to verify information Equifax had reason to believe was unsubstantiated before including it in the credit report of the consumer.

88. As a result of the conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

89. The conduct, action and inaction of Equifax was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

90. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant, Equifax, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### THIRD CAUSE OF ACTION
**(Willful Violation of the FCRA as to Transunion)**

91. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

92. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

93. Transunion violated 15 U.S.C. § 1681e by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

94. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was unsubstantiated;

e)   The continual placement of unsubstantiated information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was unsubstantiated;

f)   The failure to promptly delete information that was found to be unsubstantiated, or could not be verified, or that the source of information had advised Transunion to delete;

g)   The failure to take adequate steps to verify information Transunion had reason to believe was unsubstantiated before including it in the credit report of the consumer.

95. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

96. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681n.

97. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Transunion)

98. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

- 17 -

99. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

100.     Transunion violated 15 U.S.C. § 1681i(a) by failing to delete unsubstantiated information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

101.     Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

   a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

   b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

   c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

   d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was unsubstantiated;

   e) The continual placement of unsubstantiated information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was unsubstantiated;

   f) The failure to note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be unsubstantiated, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was unsubstantiated before including it in the credit report of the consumer.

102. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

103. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

104. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant, Transunion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### FIFTH CAUSE OF ACTION
**(Willful Violation of the FCRA as to Lead Bank)**

105. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

106. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

- 19 -

107. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

108. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

109. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

110. The Defendant Lead Bank violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.'

111. Specifically, the Defendant Lead Bank continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

112. Had Lead Bank done a reasonable investigation, it would have been revealed to Lead Bank that the payment status was being inaccurately reported.

113. As a result of the conduct, action and inaction of the Defendant Lead Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit

from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

114.     The conduct, action and inaction of Defendant Lead Bank was willful, rendering Defendant Lead Bank liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

115.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Lead Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant Lead Bank for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

## SIXTH CAUSE OF ACTION
### (Negligent Violation of the FCRA as to Lead Bank)

116.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

117.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

118.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

119.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

120.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

121.     Defendant Lead Bank is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

122.     After receiving notice of Plaintiff's disputes, Defendant Lead Bank negligently failed to conduct its reinvestigation in good faith.

123.     A reasonable investigation would require a furnisher such as Defendant Lead Bank to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

124.     Had Lead Bank done a reasonable investigation, it would have been revealed to Lead Bank that the payment status was being inaccurately reported.

125.     The conduct, action and inaction of Defendant Lead Bank was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

126.     As a result of the conduct, action and inaction of the Defendant Lead Bank, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

127.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Lead Bank in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant Lead Bank, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## SEVENTH CAUSE OF ACTION
### (Willful Violation of the FCRA as to Dominion)

128.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

129.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

130.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

131.      Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

132.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

133.     The Defendant Dominion violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to

review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

134.     Specifically, the Defendant Dominion continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

135.     Had Dominion done a reasonable investigation, it would have discovered that this tradeline was paid and closed and should no longer have the payment status as "charge off.

136.     As a result of the conduct, action and inaction of the Defendant Dominion, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

137.     The conduct, action and inaction of Defendant Dominion was willful, rendering Defendant Dominion liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

138.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Dominion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant Dominion for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**EIGHTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Defendant Dominion)**

139.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

140.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

141.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

142.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

143.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

144.     Defendant Dominion is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

145.     After receiving notice of Plaintiff's dispute, Defendant Dominion negligently failed to conduct its reinvestigation in good faith.

146.     A reasonable investigation would require a furnisher such as Defendant Dominion to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

147.     The conduct, action and inaction of Defendant Dominion was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

148.     As a result of the conduct, action and inaction of the Defendant Dominion, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

149.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Dominion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant Dominion, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### NINTH CAUSE OF ACTION
**(Willful Violation of the FCRA as to Atlantic)**

150.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

151.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

152.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

153.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

154.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

155.     The Defendant Atlantic violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

156.     Specifically, the Defendant Atlantic continued to report this account on the Plaintiff's credit report after being notified of her disputes regarding the inaccurate and materially misleading account information.

157.     Had Atlantic done a reasonable investigation, it would have been revealed to Atlantic that the payment status was being inaccurately reported.

158.     As a result of the conduct, action and inaction of the Defendant Atlantic, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

159.     The conduct, action and inaction of Defendant Atlantic was willful, rendering Defendant Atlantic liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

160.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from

Defendant Atlantic in an amount to be determined by the Court pursuant to 15 U.S.C.

§ 1681n.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against

Defendant Atlantic for damages together with attorney's fees and court costs pursuant to 15

U.S.C. § 1681n.

**TENTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Atlantic)**

161.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

though fully stated herein with the same force and effect as if the same were set forth at

length herein.

162.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C.

§ 1681 *et seq.*

163.     Pursuant to the Act, all person who furnished information to reporting agencies

must participate in re-investigations conducted by the agencies when consumers dispute

the accuracy and completeness of information contained in a consumer credit report.

164.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting

agency when the agency receives a notice of dispute from a consumer such as the

Plaintiff. The furnisher must then conduct a timely investigation of the disputed

information and review all relevant information provided by the agency.

165.     The results of the investigation must be reported to the agency and, if the

investigation reveals that the original information is incomplete or unsubstantiated, the

information from a furnisher such as the above-named Defendant must report the results

to other agencies which were supplied such information.

166.     Defendant Atlantic is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

167.     After receiving notice of Plaintiff's dispute, Defendant Atlantic negligently failed to conduct its reinvestigation in good faith.

168.     A reasonable investigation would require a furnisher such as Defendant Atlantic to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

169.     Had Atlantic done a reasonable investigation, it would have been revealed to Atlantic that the payment status was being inaccurately reported.

170.     The conduct, action and inaction of Defendant Atlantic was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

171.     As a result of the conduct, action and inaction of the Defendant Atlantic, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

172.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Atlantic in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant Atlantic, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

### ELEVENTH CAUSE OF ACTION
**(Willful Violation of the FCRA as to Acceptance)**

173.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

174.     This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

175.     Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

176.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

177.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above listed above must report the results to other agencies which were supplied such information.

178.     The Defendant Acceptance violated 15 U.S.C. § 1681s2-b by the publishing of the Account Liability Representation; by failing to fully and improperly investigate the dispute of the Plaintiff with respect to the Account Liability Representation; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

179.     Specifically, the Defendant Acceptance continued to report this account on the Plaintiff's credit report after being notified of her dispute regarding the inaccurate and materially misleading account information.

180.     Had Acceptance done a reasonable investigation, it would have been revealed to Acceptance that the payment status was being inaccurately reported.

181.     As a result of the conduct, action and inaction of the Defendant Acceptance, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

182.     The conduct, action and inaction of Defendant Acceptance was willful, rendering Defendant Acceptance liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

183.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant Acceptance for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681n.

**TWELFTH CAUSE OF ACTION**
**(Negligent Violation of the FCRA as to Acceptance)**

184.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

185.     This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

186.     Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

187.     Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

188.     The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or unsubstantiated, the information from a furnisher such as the above-named Defendant must report the results to other agencies which were supplied such information.

189.     Defendant Acceptance is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s2-b.

190.     After receiving notice of Plaintiff's dispute, Defendant Acceptance negligently failed to conduct its reinvestigation in good faith.

191.     A reasonable investigation would require a furnisher such as Defendant Acceptance to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

192.     Had Acceptance done a reasonable investigation, it would have been revealed to Acceptance that the payment status was being inaccurately reported.

193.     The conduct, action and inaction of Defendant Acceptance was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

194.     As a result of the conduct, action and inaction of the Defendant Acceptance, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

195.     The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Acceptance in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Sade Greene, an individual, demands judgment in her favor against Defendant Acceptance, for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

196.     Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a)   For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)   For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)   For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)   For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)   For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681(o)(a)(2) and 15 U.S.C. § 1640(a)(3);

g)   For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

Dated: March 9, 2020

_____/s/Robert M. Tzall_____
Robert M. Tzall
Contemporary Legal Solutions
*Attorneys for Plaintiff*

- 33 -