UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SADE GREENE, | Case No. 2:21-CV-466 JCM (DJA) |
| Plaintiff(s), | ORDER |
| v. | |
| EQUIFAX INFORMATION SERVICES, LLC, et al., | |
| Defendant(s). | |

Presently before the court is defendant Dominion Energy, Inc.'s ("DEI") motion for judgment on the pleadings. (ECF No. 42). Plaintiff Sade Greene ("Greene") responded in opposition (ECF No. 43), to which DEI replied (ECF No. 46).

**I.     Facts**

This action arises from an alleged violation of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA"). In late 2020, Greene disputed her credit report with Equifax, a credit reporting agency ("CRA") because a line on her credit report incorrectly stated that a debt was "charged off" rather than "paid in full." (ECF No. 1 at 6). According to Greene, Equifax then informed DEI, which furnished the information, of the dispute. (ECF Nos. 1 at 7; 43 at 2). Greene now alleges that DEI failed to conduct a timely investigation into the dispute and continued to report false and inaccurate information to Equifax, causing her injury in the form of loss of credit, inability to obtain credit, and mental and emotional distress. (ECF No. 1 at 7–8).

Of her twelve alleged causes of action, Greene directs two at DEI—willful violation of the FCRA and negligent violation of the FCRA. (ECF No. 1 at 22–26). DEI answered

**James C. Mahan**
**U.S. District Judge**

and alleged fifteen affirmative defenses. (ECF No. 28). DEI now moves for judgment on the pleadings. *See* FED. R. CIV. P. 12(c); (ECF No. 42).

## II.  Legal Standard

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quotation omitted). A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion." *Id*. That is, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist*., 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) (citation omitted). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

## III.  Discussion

Under the FCRA, a consumer may sue a "furnisher of information" and recover damages if the furnisher willfully or negligently violated FCRA. 15 U.S.C. §§ 1681n, 1681o; *see Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017). While not defined by the FCRA, courts define a "furnisher of information" as "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Equifax, Experian, MCCA, and Trans Union." *Shaw v. Experian Info. Sols., Inc*., 49 F. Supp. 3d 702, 704 n.1 (S.D. Cal. 2014). Thus, the FCRA provides a statutory cause of action for Greene to pursue claims against DEI as a furnisher. Yet, as in all cases before this court, Greene must establish that she has standing to pursue her claims.

**James C. Mahan**
**U.S. District Judge**

- 2 -

To establish standing, Greene must show: (i) that she suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)).

Specifically, the Ninth Circuit has adopted a two-part test for determining whether alleged violations of the FCRA are sufficiently concrete: (1) whether the statutory provisions at issue were established to protect [a plaintiff's] concrete interests (as opposed to purely procedural rights), and if so, (2) whether the specific procedural violations alleged in this case actually harm, or present a material risk of harm to, such interests. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017). The Supreme Court has explained that a plaintiff cannot show injury-in-fact unless the "threatened injury [is] certainly impending" rather than merely speculative. *Clapper v. Amnesty International USA*, 568 U.S. 398, 409 (2013).

Here, Greene alleges injuries in the form of loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials. (*See* ECF No. 1 at 24; 26). These do not show actual harm or material risk of harm to Greene's alleged concrete interest because they are conjectural. Thus, even assuming the court determines that the FCRA's provisions give Greene a concrete interest in her report, Greene's claims do not survive DEI's motion because she fails to establish an injury-in-fact.

Greene analogizes her case to *Robins*, where the Ninth Circuit held that the plaintiff sufficiently pled concrete harm. There, the plaintiff alleged that the defendant falsely reported that the plaintiff was married with children, in his 50s, employed in a professional or technical field, held a graduate degree, and had a higher income than he actually did. The plaintiff also alleged that those inaccurate credit reports caused actual harm to his employment prospects and consequently caused him to suffer from stress and anxiety. *See* 867 F.3d at 1117; (ECF No. 43 at 22–23).

The court is unpersuaded; *Robins* is distinguishable from this matter. First, the *Robins* defendant's errors regarding nearly every aspect of the credit report are much different than DEI's single misleading line on Greene's credit report. Next, where the

**James C. Mahan**
**U.S. District Judge**

- 3 -

*Robins* plaintiff alleged actual harm to employment prospects and mental health, Greene has pled only conjectural injuries. Finally, Greene does not show any causal link between the inaccurate information in the credit report and the alleged harm she has suffered.

Though the FCRA creates a cause of action, Article III standing still requires that Greene allege a concrete injury stemming from the statutory violation.[1] *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016).

Therefore, Greene does not establish standing for her claims against DEI, and DEI's motion for judgment on the pleadings is GRANTED.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that DEI's motion for judgment on the pleadings (ECF No. 42) be, and the same hereby is, GRANTED. Greene's claims against DEI are dismissed, without prejudice.

Plaintiff has leave to amend her complaint within 21 days of the date of this order.

DATED August 10, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Specific facts such as denied credit applications, or a medical professional's diagnosis would be helpful to show a concrete injury.

**James C. Mahan**
**U.S. District Judge**

- 4 -