UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SADE GREENE,<br><br>                              Plaintiff(s),<br><br>     v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>                              Defendant(s). | Case No. 2:21-CV-466 JCM (DJA)<br><br>AMENDED ORDER |

      Presently before the court is defendant Dominion Energy South Carolina, Inc.[1] ("DESC")'s second motion for judgment on the pleadings. (ECF No. 53). Plaintiff Sade Greene ("Greene") responded. (ECF No. 55). DESC replied. (ECF No. 58).

**I.     INTRODUCTION**

      This action arises from an alleged violation of 15 U.S.C. § 1681 *et seq.*, commonly known as the Fair Credit Reporting Act ("FCRA"). On August 10, 2022, this court granted DESC's first motion for judgment on the pleadings and dismissed Greene's claims without prejudice and with leave to amend her complaint. (ECF No. 50). Greene timely filed an amended complaint on August 30, 2022. (ECF No. 51).

      In late 2020, Greene disputed her credit report with Equifax, a credit reporting agency ("CRA"), because a line on her credit report stated that a debt was "charged off" rather than "paid in full." (*Id.*). According to Greene, Equifax then notified DESC—which furnished the allegedly incorrect information—of the dispute. (*Id.*). Greene alleges that DESC failed to conduct a timely investigation of the dispute and continued to report false and inaccurate information to Equifax, which caused "damage for the loss of credit, loss of the ability to purchase and benefit from credit,

---

[1] DESC is erroneously named as Dominion Energy, Inc., in this matter; DESC owns the account at issue.

**James C. Mahan**
**U.S. District Judge**

and the mental and emotional pain, anguish, humiliation, and embarrassment of potential credit denials." (*Id.*).

Greene brings two causes of action against DESC: willful violation of the FCRA and negligent violation of the FCRA. (*Id.*). DESC again moves for judgment on the pleadings. (ECF No. 53)

## II.   LEGAL STANDARD

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Gregg v. Hawaii, Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017) (quotation omitted). A Rule 12(c) motion is "functionally identical to a Rule 12(b)(6) motion." *Id*. That is, the court "accept[s] all factual allegations in the complaint as true and construe[s] them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

Courts have discretion to grant leave to amend in conjunction with 12(c) motions. *Carmen v. San Francisco Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997), *aff'd*, 237 F.3d 1026 (9th Cir. 2001) (citation omitted). Under Rule 15(a), the court should "freely" grant leave to amend "when justice so requires," and absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The court should grant leave to amend "even if no request to amend the pleading was made." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks omitted).

## III.   DISCUSSION

Under the FCRA, a consumer may sue a "furnisher of information" and recover damages if the furnisher willfully or negligently violated FCRA. 15 U.S.C. §§ 1681n, 1681o; *see Syed v. M-I, LLC*, 853 F.3d 492, 503 (9th Cir. 2017). While not defined by the FCRA, courts define a "furnisher of information" as "an entity which transmits information concerning a particular debt owed by a particular consumer to consumer reporting agencies such as Equifax, Experian, MCCA, and Trans Union." *Shaw v. Experian Info. Sols., Inc.*, 49 F. Supp. 3d 702, 704 n.1 (S.D. Cal. 2014). Thus, the FCRA provides a statutory cause of action for Greene to pursue claims against DESC as a furnisher.

To adequately plead a FCRA violation, plaintiff must allege with sufficient detail that the information that the furnisher reported was inaccurate or misleading. *See, e.g.*, *Carvalho v.*

**James C. Mahan**
**U.S. District Judge**

*Equifax Info. Servs., LLC*, 629 F.3d 876, 890 (9th Cir. 2010). It follows that if the information reported is accurate and not misleading, it constitutes a complete defense.

Greene alleges that DESC reported an account as a "charge-off" when in fact it has been paid and closed. (ECF No. 51). The parties do not dispute that the account was charged off nor do they dispute that it was eventually paid in full and closed. Greene specifically contends that it should not be reported as charged off when it was subsequently paid, and DESC contends that the charge-off indication is historical data permissible on credit reports. (ECF Nos. 55, 58).

The reported information is not inaccurate nor misleading. Though the account payment status is listed as "Charge-off," the report includes an account status of "Closed," a balance of "$0," and a comment that the account is a "PAID CHARGE OFF." (ECF No. 43-1). Greene argues that technically accurate information can still be materially misleading if it can be expected to adversely affect credit decisions. (ECF No. 55 (citing *Carvalho*, 629 F.3d at 890)). While true, the court declines to extend this rule so far as to find that *any* information that adversely affects credit decisions is materially misleading.

Viewing the information holistically, there is no plausible interpretation of the information that DESC furnished other than that Greene's account was charged off at some point, and it has since been paid in full. (*See* ECF No. 43-1); *cf. Barrow v. TransUnion, LLC*, 2021 WL 1424681, at *5 (E.D. Penn. Apr. 13, 2021) (denying a Rule 12(c) motion because there were multiple plausible meanings of the plaintiff's credit report when considered in its entirety).

The potential of the reported information to adversely affect Greene's credit does not warrant a finding that it is misleading. Greene argues that because automated processes and artificial intelligence are used to analyze credit reports, the line indicating the payment status as a charge-off adversely affects her credit score. (ECF No. 55). Regardless of the accuracy of this assertion, it is insufficient to hold DESC liable for any adverse effect to Greene's credit when the information it reported is accurate and not misleading. The allegations in the complaint fail to demonstrate that DESC reported information that is inaccurate or misleading, and judgment on the pleadings is proper.

This court has granted Greene leave to amend once, and there are no amendments that she could make that would satisfy the inaccuracy element of a FCRA violation. Thus, the court does not grant leave to amend.

. . .

**James C. Mahan**
**U.S. District Judge**

- 3 -

## IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that DESC's motion for judgment on the pleadings (ECF No. 53) be, and the same hereby is, GRANTED.

IT IS FUTHER ORDERED that the prior order (ECF No. 59) was filed in error, and is hereby VACATED.

The clerk of the court is instructed to enter judgment in favor of the defendant and close this case.

DATED August 10, 2023.

_____
UNITED STATES DISTRICT JUDGE